LOTTINGER, Judge.
This is a suit for damages resulting from an automobile accident in which Mrs. Ruthie Lee Brown and her minor child,. *47 Louis Brown, allegedly received personal injuries. Petitioners are Ruthie Lee Brown, her husband, Joseph W. Brown, who appears individually and on behalf of his minor child, Louis Brown. The defendants are Leon V. Jones, the driver of an ambulance in which Mrs. Brown and her minor child were riding and Charles Booker who was driving the school bus which collided with the ambulance and Peerless Insurance Company, the liability insurer of the ambulance in which the Browns were riding. The Lower Court awarded judgment in favor of Mrs. Brown and against defendant, Charles Booker, in the sum of $5,000.00, in favor of James Brown, individually, and against defendant Charles Booker for $2,430.95 and in favor of James Brown for the use and benefit of his minor child, Louis Brown in the sum of $100.00. The suit, as it bears against Leon V. Jones and Peerless Insurance Company' was dismissed. An appeal was taken by Charles Booker, defendant and the petitioners answered this appeal seeking an increase in award.
The facts disclose that the accident occurred on the afternoon of February 19, 1962 between a state owned ambulance driven by Leon V. Jones which was. proceeding in an easterly direction on U. S. Highway 190 at approximately 50 m. p. h., and a school bus driven by Charles Booker proceeding on Scale Road in a southerly direction which was attempting to make a left turn into U. S. Highway 190 in the Parish of Tangipahoa. Highway 190 is a two lane, blacktop highway, straight and level at the point of collision, with one lane for westbound traffic. Scale Road is a gravel surface road which forms a “T” intersection with Highway 190 on the north side thereof.
The evidence discloses that Charles Booker drove the school bus to the intersection of Scale Road with U. S. Highway 190 and stopped his vehicle preparatory to making a left hand turn into Highway 190. While stopped, an automobile driven by Donald R. Sullivan proceeding in a westerly direction passed through the “T” intersection, after which passage, Charles Booker proceeded to make his left turn into the highway. In the meantime, the ambulance driven by Jones, and proceeding easterly on Highway 190 had passed the Sullivan automobile proceeding westerly at a distance of some 40 or 50 yards west of the “T” intersection. As the school bus turned into Plighway 190 it was struck by the ambulance, the point of impact being the front portion of the ambulance with the right door of the school bus which is located opposite the driver’s seat. The collision occurred in the eastbound traffic lane on Highway 190, which was the lane of travel on which the ambulance was proceeding.
Mr. Sullivan, a disinterested witness to the collision, testified that he and the ambulance passed side by side at a distance of some 40 or 50 yards west of the point of collision. He stated that just prior to his meeting the ambulance, he heard the horn on the ambulance sound, and again heard it sound just after he met the ambulance. He then looked up into his rear view mirror and the collision had occurred.
The Lower Court held that the sole and proximate cause of the accident was the negligence of the bus driver in making a left hand turn into the highway in the face of oncoming traffic. The petitioner seeks to also place negligence on the part of the ambulance driver, however, we believe that the Lower Court was correct in holding him free from fault.
The record discloses that the weather was clear and that there was no impediment to the vision of either of the drivers prior to the accident. The speed of the ambulance, as disclosed by the testimony, was between 40 and 50 m. p. h., which certainly was not excessive. Witness Sullivan testified that he met the ambulance only some 40 or 50 yards from the intersection at which time he heard the driver of the ambulance sound his horn. The *48 record further indicates that the ambulance left some 30 feet of skid marks before the point of impact, and that the driver of the ambulance pulled to his right on the shoulder of the highway as far as possible without going into the ditch in order to avoid the collision.
We believe that there is no question but that the driver of the school bus was extremely negligent in attempting to turn into the highway in the path of the oncoming ambulance. Although he claims that he looked but did not see the ambulance coming, the evidence indicates that the ambulance was present and the bus driver should have seen it. Faced with the sudden emergency, the ambulance driver did what he thought was necessary or in any way possible to avoid the accident, and we find no negligence on his part.
As a result of the accident, petitioner, Ruthie Lee Brown, suffered general contusions and lacerations. Dr. A. J. Feder, who treated her, testified that he first saw her on February 20, 1962, which was the day following the accident. Her face and upper lip were markedly swollen. Her nose was bloody and acutely contused. She had a laceration on her left leg, limitation of motion in her back, with tenderness of the entire lumbar region. X-rays showed no broken bones either in her back, neck or legs, except for a fracture, or whiplash injury, to the maxillary bone which is the portion of the bone the teeth fit in. She was given sedation and returned home. She continued to complain of pain particularly to her back and was hospitalized from March 5 to March 17, 1962 during which period she was given treatment for her neck and back injuries. On March 20, the injury to her legs was completely healed and the swelling of the nose and face had receded quite a bit. The only residual she then had was to her neck and back. On March 24 injury to her neck had responded to treatment, however, she still complained of her back and teeth. The injury to her back consisted only of sprained muscles. Dr. Feder saw her almost daily through March and part of April and then twice weekly. During July she was so improved that he saw her only once a week. On July 24 she had re* covered from all injuries and was discharged. Dr. Feder testified that he saw her a total of 66 times in his office plus daily while she was in the hospital. Dr. DePaula, a dentist, testified that he first saw the petitioner on March 27 at which time her upper and lower anterior teeth were loose and pulsating, and she complained of pain. He gave her a paste sedative around the teeth to stabilize them. He saw her again the following Monday when she was somewhat improved and at which time he again packed the teeth with a sedative. Dr. DePaula took impressions and constructed appliances to stabilize the loose teeth so they could not move, and had her return to his office for examination weekly. The appliances were worn approximately 4J4 months and the response to treatment was good. He then replaced the appliance with a simple splint which was constructed to maintain the teeth in place. Dr. DePaula testified that the patient was in severe pain when he first saw her.
The Lower Court awarded judgment in favor of Mrs. Brown in the sum of $5,-000.00 for her personal injuries. Of course the petitioner complains that the award is inadequate, while the defendant complains that the award is excessive. In support of its claim, the defendant cites, among others, Mansfield v. Toye Bros. Yellow Cab. Co., La.App., 78 So.2d 544, wherein an award of $750.00 was increased to $1,000.00 for injuries consisting of contusions of the scalp, neck, knees and ankle, a sacro-iliac sprain and shock to the nervous system where the petitioner was incapacitated for several weeks.
On the other hand, the petitioner cites, among others, Bartholomaus v. H. G. Hill Stores, Inc., La.App., 97 So.2d 82 wherein Mrs. Bartholomaus was awarded judgment in the sum of $6,000.00 for injuries consisting of bruises and contusions, a whip *49 lash injury to the cervical spine, and a sequela of occipital nerve neuralgia. The whiplash injury and nerve neuralgia caused considerable pain and mental anguish and patient had her back strapped with tape for several weeks and was then required to wear a lumbosacral support for several months. In addition thereto three types of cervical collars also were prescribed and worn by her almost continuously except when eating or in bed. At the time of the trial petitioner still suffered discomfort from her neck and back injuries. We certainly do believe that the injuries received by the petitioner in the present case were more serious than those received by the petitioner in the Mansfield case, and less serious than those in the Bartholomaus case.
There is no question but that in the present case, the initial pain to petitioner from all her injuries was severe. She recovered completely from all injuries, except the injuries to her teeth within a period of five months. It was not until after this period of time that petitioner went to a dentist for treatment of the injuries to her teeth. We do not know why she waited so long, however, after treatment commenced, she had recovered from these injuries within a period of approximately four and one-half months. Considering the great amount of pain and suffering which the petitioner suffered, according to the testimony of the doctor and the dentist as well as the injuries and discomfort which she suffered, we believe that the award of $5,000.00 granted by the Lower Court was neither excessive nor inadequate.
With regard to the special damages awarded Mr. Brown in the sum of $2,-430.95, the Lower Court failed to include the hospital bill of $233.55. This award will therefore be increased by said sum, making the award for special damages in the sum of $2,664.50.
The record does not disclose that any injuries were suffered by the minor child of Mrs. Brown, and the judgment will be amended accordingly.
For the reasons hereinabove assigned, the judgment of the Lower Court is amended so as to increase the award for special damages to Joseph W. Brown to the sum of $2,664.50, and to strike therefrom the award of $100.00 granted to Joseph W. Brown for and on behalf of his minor child, Louis Brown, and, as amended, the judgment of the Lower Court will be affirmed. All costs of this appeal shall be paid by defendant.
Judgment amended and affirmed.